UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATRICK and LEE NOBRIGA,                                     No. 11-12469

Debtor(s).
_____/

Memorandum of Findings on Remand
_____

      The bankruptcy discharge does not prohibit the naming of a debtor in post-discharge litigation based on pre-bankruptcy events, so long as the plaintiff makes it clear to the debtor that no monetary relief is being sought against the debtor personally. *In re Munoz,* 287 B.R. 546, 550 (9th Cir. BAP 2002). When that is not made clear, the action violates the discharge injunction set forth in § 524(a)(2) of the Bankruptcy Code.

      In this case, Fidelity National Title Insurance Company ("Fidelity") found it necessary to name debtors Patrick and Lee Nobriga in post-discharge quiet title litigation, which would have been proper had Fidelity made it clear to the Nobrigas that it sought nothing against them personally. However, Fidelity's counsel made a mistake and sued the Nobrigas in state court for declaratory relief and prayed for costs and attorneys' fees against all defendants, including the Nobrigas. Fidelity admitted that it knew about the Nobrigas' bankruptcy and that its lawsuit was based on pre-bankruptcy events, so its violation of the discharge injunction was willful. *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989).[1]

---

[1] *Bloom* held that a "willful" violation does not require specific intent to violate the law but only an intentional act done with knowledge of the bankruptcy. Although *Bloom* involved violation of the automatic stay, the same test is applicable to violations of the discharge. *Sciarrino v. Mendoza*, 201 B.R. 541, 546 (E.D.Cal. 1996).

1

This court has a duty to enforce the discharge injunction.

The record established that Fidelity's counsel had not acted maliciously but through ignorance, and had offered to rectify the situation as soon as he realized his mistake. However, by that time some damage had been done in that the Nobrigas has suffered some real distress at being sued and had incurred some attorney's fees responding. The court concluded that while punitive damages were not called for, some payment to the Nobrigas was necessary to compensate them for their distress and their legal expenses. Not wishing to make a "federal case" out of the matter, the court ordered Fidelity and its counsel to pay the Nobrigas $4,000.00 as compensation. This amount was on the extreme low and of awards the court has made over the years for violation of the discharge injunction, so the court was surprised to see by the remand order of the District Court that Fidelity had appealed.

Had Fidelity asked the court to allocate its nominal sanctions at the time, it would have allocated $2,000.00 to attorney's fees and $2,000.00 to emotional distress suffered by the Nobrigas. No declarations had been filed at that point, but the court could see that the Nobriga's counsel had spent considerable time dealing with the complaint, drafting the motion for contempt and appearing in court, and it was not hard to infer some distress of the Nobrigas at being named in a lawsuit when they had filed their bankruptcy at least in part to end related litigation.

The court cannot help noting that since its original desire for a quick and simple resolution of this dispute has not come to pass the court's original award is considerably deficient to properly compensate the Nobrigas. They have now incurred far more than $2,000.00 in attorney's fees, and the declaration of Pat Nobriga shows that the effect of Fidelity's improper lawsuit on her emotional well-being was more severe than assumed by the court at the original hearing. If permitted by the District Court, this court will hold an evidentiary hearing and thereafter make an additional award in keeping with the actual damages incurred by the Nobrigas.

For the foregoing reasons, the court will enter an order allocating the sanctions as set forth above but retaining jurisdiction, if permitted by the District Court, to award additional sums to the Nobrigas.

2

Dated: June 12, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

3