UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATRICK and LEE NOBRIGA,                                          No. 11-12469

                                Debtor(s).
_____/

Memorandum on Motion for Attorney's Fees Incurred on Appeal
_____

After the discharge of debtors Patrick and Lee Nobriga, respondent Fidelity National Title Insurance company filed suit against them in state court. The complaint sought equitable relief as to the Nobrigas' home as well as attorneys' fees and costs against the Nobrigas, who responded with a motion before this court to find Fidelity in contempt for violating the discharge injunction contained in § 524(a)(2) of the Bankruptcy Code.

At the hearing, counsel for Fidelity admitted that his complaint was "thrown together" in haste due to a pending foreclosure, but that he did not intend to violate the discharge injunction. After listening to both sides at some length, the court found that the request for equitable relief did not violate the discharge but the prayer for attorneys fees and costs did. The court announced: "I do find that the discharge injunction was violated by the original complaint because it sought to impose attorneys fees and costs against the debtors personally. I believe that sanctions of $4,000.00 are appropriate to compensate the debtors for some anxiety and also to compensate them for their legal expenses." The court went on to discuss how an amended complaint could seek the equitable relief Fidelity wanted without violating the discharge.

In response to the court's announced decision, counsel for Fidelity asked the court what portion of the $4,000.00 the court would consider "punitive in nature." The court was surprised by this

1

request, given the nominal amount involved, and responded by saying, "We can get into that if you really want to . . . ." Counsel interjected at that point, "I really don't want to." He stated that he needed some clarification for state court purposes. The court restated the basis for its ruling, after which counsel said nothing except "I understand" and "thank you."

Nothing in counsel's words, tone or body language gave the court the impression that Fidelity's counsel was unhappy with the court's ruling, so the court was surprised, several months later, when it learned that Fidelity had appealed and the District Court wanted further findings. The court complied, after which Fidelity paid the $4,000.00 to the Nobrigas. The Nobrigas' request for additional fees of $15,126.00 incurred in the appeal is now before the court.

Fidelity's main argument in opposing the motion is that it was deprived of "due process" during the original hearing. While it appears to the court that the issue is moot at this point, it is one thing to be denied a right and quite another to waive it. The court would have made its findings specific and in writing at any time if it had been asked, during or after the hearing, and offered to do so. It seemed to the court unnecessary given the small amount involved. Fidelity's counsel seemed to agree and appeared to be happy with both the court's explanation and the small award.

The issue here is whether the court should award the Nobrigas additional fees for having to defend their award on appeal. The court agrees with the Nobrigas that attorneys fees incurred defending an award for violation of the discharge are actual damages for which they ought to be compensated. An award of fees on appeal seems especially appropriate and necessary when the appellant is an institutional party like a title company and the award itself is nominal. While the case relied upon by the Nobrigas, *In re Schwartz-Tallard,* 473 B.R. 340 (9th Cir.BAP 2012), involved a violation of the automatic stay and not, as here, the permanent injunction, the rationale of the case seems equally applicable.

While attorneys fees on appeal of an award for violation of the discharge injunction are normally made to the appellate court, a remand permits the trial court to review the original order and modify it at the request of either party. *In re Clay,* 334 B.R. 623, 626 (Bkrtcy.C.D.Ill. 2005).

2

In this case, the only way the court can make the Nobrigas whole is to award them their fees incurred on appeal. Accordingly, their motion will be granted and they shall recover their attorneys fees incurred on appeal in the amount of $15,126.00. Counsel for the Nobrigas shall submit an appropriate form of order.

Dated: January 2, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

3